UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

JENNIFER ANN PIACENTE,

                    Plaintiff,

                    v.

COMMISSIONER,

                    Defendant.

**Hon. Hugh B. Scott**

**17CV1174**

**CONSENT**

**Order**

Before the Court are the parties' respective motions for judgment on the pleadings (Docket Nos. 10 (plaintiff), 14 (defendant Commissioner)).

## INTRODUCTION

This is an action brought pursuant to 42 U.S.C. § 405(g) to review the final determination of the Commissioner of Social Security that plaintiff is not disabled and, therefore, is not entitled to disability insurance benefits and/or Supplemental Security Income benefits.

## PROCEDURAL BACKGROUND

References noted as "[R. __]" are to the certified record of the administrative proceedings, filed with this Court (Docket No. 6).

The plaintiff ("Jennifer Piacente" or "plaintiff") filed an application for disability insurance benefits on January 2, 2014 [R. 15]. That application was denied initially. The plaintiff appeared before an Administrative Law Judge ("ALJ"), who considered the case de novo and concluded, in a written decision dated May 18, 2016, that the plaintiff was not disabled

within the meaning of the Social Security Act. The ALJ's decision became the final decision of the Commissioner on September 20, 2017, when the Appeals Council denied plaintiff's request for review.

Plaintiff commenced this action on November 17, 2017 (Docket No. 1). The parties moved for judgment on the pleadings (Docket Nos. 10, 14), and plaintiff duly replied (Docket No. 18). This case was scheduled for oral argument and a status conference on January 9, 2019 (Docket Nos. 18, 16-17), but due to the failure to enact appropriations, the proceedings were stayed (Docket No. 19). Upon further consideration of the moving and responding papers, this Court then determined that the motions could be decided on the papers.

## FACTUAL BACKGROUND

Plaintiff, a 36-year-old with a high school education with subsequent training as a teacher's aide assistant and CNA ([R. 213]; Docket No. 10, Pl. Memo. at 4), last worked as a dancer, stopping due to cervical spine surgery, and as a cashier ([R. 205, 213]). She contends that she was disabled as of the onset date of January 21, 2013 [R. 15]. Plaintiff claims the following as an impairment deemed severe by the ALJ: neck pain (Docket No. 10, Pl. Memo. at 5).

## MEDICAL AND VOCATIONAL EVIDENCE

Plaintiff had two neck surgeries in January and November 2013 [R. 28-29]. During the May 5, 2016, hearing, the ALJ found that plaintiff could return to work by June 30, 2014 [R. 17, 530]. The ALJ concluded that plaintiff resumed work above the substantial gainful activity level [R. 17-18]. As a result, the ALJ held that plaintiff was not disabled [R. 18].

**DISCUSSION**

The only issue to be determined by this Court is whether the ALJ's decision that the plaintiff was not under a disability is supported by substantial evidence. See 42 U.S.C. § 405(g); Rivera v. Sullivan, 923 F.2d 964, 967 (2d Cir. 1991). Substantial evidence is defined as "'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. National Labor Relations Bd., 305 U.S. 197, 229 (1938)).

*Standard*

For purposes of both Social Security Insurance and disability insurance benefits, a person is disabled when unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A) & 1382c(a)(3)(A). Substantial gainful activity (or "SGA") is work a claimant has done during any period in which the claimant believes is disabled which "may show that you are able to work at the substantial gainful activity level," 20 C.F.R. §§ 404.1571 (Title II disability benefits), 416.971 (Title XVI, SSI benefits). If a claimant can engage in SGA, the claimant would be found not disabled despite their medical condition, 20 C.F.R. §§ 404.1520(b) and 416.920(b). In calculating a claimant's earnings, the ALJ averages the earnings over the entire period of work requiring evaluation, 20 C.F.R. §§ 404.1574a(a), 416.974a(a) (Docket No. 10, Pl. Memo. at 14).

Such a disability will be found to exist only if an individual's "physical or mental impairment or impairments are of such severity that [he or she] is not only unable to do [his or

her] previous work but cannot, considering [his or her] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy . . . ." 42 U.S.C. §§ 423(d)(2)(A) & 1382c(a)(3)(B).

The plaintiff bears the initial burden of showing that the impairment prevents the claimant from returning to his or her previous type of employment. Berry v. Schweiker, 675 F.2d 464, 467 (2d Cir. 1982). Once this burden has been met, "the burden shifts to the [Commissioner] to prove the existence of alternative substantial gainful work which exists in the national economy and which the plaintiff could perform." Id.; see also Dumas v. Schweiker, 712 F.2d 1545, 1551 (2d Cir. 1983); Parker v. Harris, 626 F.2d 225, 231 (2d Cir. 1980).

In order to determine whether the plaintiff is suffering from a disability, the ALJ must employ a five-step inquiry:

(1) whether the plaintiff is currently working;

(2) whether the plaintiff suffers from a severe impairment;

(3) whether the impairment is listed in Appendix 1 of the relevant regulations;

(4) whether the impairment prevents the plaintiff from continuing past relevant work; and

(5) whether the impairment prevents the plaintiff from doing any kind of work.

20 C.F.R. §§ 404.1520 & 416.920; Berry, supra, 675 F.2d at 467. If a plaintiff is found to be either disabled or not disabled at any step in this sequential inquiry, the ALJ's review ends. 20 C.F.R. §§ 404.1520(a) & 416.920(a); Musgrave v. Sullivan, 966 F.2d 1371, 1374 (10th Cir. 1992). However, it should be noted that the ALJ has an affirmative duty to fully develop the record. Gold v. Secretary, 463 F.2d 38, 43 (2d Cir. 1972).

In order to determine whether an admitted impairment prevents a claimant from performing past work, the ALJ is required to review the plaintiff's residual functional capacity and the physical and mental demands of the work that has done in the past. 20 C.F.R. §§ 404.1520(e) & 416.920(e). When the plaintiff's impairment is a mental one, special "care must be taken to obtain a precise description of the particular job duties which are likely to produce tension and anxiety, e.g. speed, precision, complexity of tasks, independent judgments, working with other people, etc., in order to determine if the claimant's mental impairment is compatible with the performance of such work." See Social Security Ruling 82-62 (1982); Washington v. Shalala, 37 F.3d 1437, 1442 (10th Cir. 1994). The ALJ must then determine the individual's ability to return to past relevant work given the claimant's residual functional capacity. Washington, supra, 37 F.3d at 1442.

*Application*

In the instant case, the issue is whether the ALJ had substantial evidence to support the decision rendered denying disability coverage. The ALJ denied coverage by finding that plaintiff did not engage in substantial gainful activity from June 2014. At issue is the calculation of benefits from a limited period of November 2013 to the end of 2014. Has the ALJ correctly calculated plaintiff's earnings from November 2013 to June 2014, and whether plaintiff resumed work either from May 2014 or June 30, 2014? This case turns on whether plaintiff resumed work in May (as plaintiff contends) or the end of June 2014 (as found by the ALJ). As defendant notes, this one-month difference changes the calculation of the substantial gainful activity used by the ALJ (Docket No. 14, Def. Memo. at 6), ultimately to determine

5

plaintiff's eligibility for disability benefits at Step One. Given this disposition, the ALJ (and the parties here) did not address the remaining steps for eligibility for disability.

The ALJ found that plaintiff worked "by June 30, 2014," to December 31, 2014 [R. 17-18], thus there was not twelve consecutive months during which plaintiff did not engage in substantial gainful activity. Plaintiff argues that the relevant evaluation period should have been from May 2014 and not June 30, 2014, as found by the ALJ (Docket No. 10, Pl. Memo. at 15-16; [R. 17-18]). If plaintiff worked for only eight months (as plaintiff contends), the average SGA is $953.81 per month, below the SGA threshold, while if plaintiff worked only seven months (as the ALJ found), the average SGA would be $1,090.07 per month, exceeding the SGA threshold of $1,040 per month (Docket No. 14, Def. Memo. at 6 & n.2; [R. 18]); Social Sec. Admin., "Substantial Gainful Activity," https://www.ssa.gov/oact/cola/stga.html (2018). Plaintiff worked up to November 2013 (see id.).

The ALJ relied upon the letter of Dr. Zair Fishkin, dated June 30, 2014, reporting on plaintiff's examination [R. 530], wherein the doctor stated that plaintiff had been back to work at her usual occupation as of that date and had good and bad days [R. 530] and as to disability plaintiff can return to her previous occupation [R. 533]. Plaintiff points to a May 16, 2014, medical report from a nurse practitioner wherein plaintiff indicated that she had recently returned to work [R. 569]. She argues that the ALJ erred in disregarding this earlier report. (Docket No. 10, Pl. Memo. at 15.)

Plaintiff testified at her administrative hearing, however, that she did not recall when she resumed work in 2014 ([R. 29-30, 34]; No. 15, Pl. Reply at 3). From the detailed earnings

6

record in this case [R. 166-69], plaintiff's employer reported her working from June 2014 [R. 168] and not earlier.

Plaintiff next argues that the earning calculation was flawed. The ALJ found only seven months of earnings (with plaintiff resuming work from June 30, 2014) rather than eight months plaintiff contends, increasing her average earnings over the SGA and thus leading to denial of Social Security benefits. Plaintiff also points out the ALJ misread her 2014 total earnings by double counting certain earnings from one employer (Docket No. 10, Pl. Memo. at 16). Plaintiff concludes that, given the absence of substantial gainful activity during the entire period of November 2013 to December 2014, plaintiff did not perform substantial gainful activity and thus met Step One (id.). Defendant concedes that the ALJ double counted certain earnings in 2014 from a second employer, defendant contends that this double counting is harmless error (Docket No. 14, Def. Memo. at 7-8).

This case turns on how long plaintiff worked in 2014, whether it was for seven or eight months. The burden of proof of disability at Step One is on plaintiff, 20 C.F.R. §§ 404.1520, 416.920 (Docket No. 14, Def. Memo. at 5), including proof that plaintiff did not engage in SGA. Plaintiff testified that she did not recall when she returned to work, later stating that she worked in June ([R. 29]; Docket No. 14, Def. Memo. at 6-7). The ALJ said plaintiff returned to work "by June 30, 2014," [R. 17]. The ALJ did not cite the nurse practitioner's earlier note of plaintiff working in May 2014. That note constitutes proof that plaintiff worked in May 2014. The ALJ's decision is vague, that plaintiff returned "by June 30," with little justification to use this as the start date. The matter should be **remanded** for the ALJ to consider the nurse

7

practitioner's May 2014 report and consider whether this established that plaintiff worked as of that appointment. Plaintiff's motion is **granted**.

Since the ALJ did not reach the subsequent steps in the five-step analysis, this Court cannot review whether plaintiff established her disability at Steps Two, Three, or Four, or whether the ALJ met the burden on Step Five. This Court, therefore, does not comment on these subsequent steps.

## CONCLUSION

For the foregoing reasons, plaintiff's motion (Docket No. 10) judgment on the pleadings is **granted**, and defendant's motion (Docket No. 14) for judgment on the pleadings is **denied**. Thus, the decision of the defendant Commissioner is **vacated and remanded** for further proceedings consistent with the above decision to find additional facts, pursuant to sentence four of 42 U.S.C. § 405(g), see Curry v. Apfel, 209 F.3d 117, 124 (2d Cir. 2000). The Clerk of the Court shall close this case.

So Ordered.

*s/Hugh B. Scott*
Hon. Hugh B. Scott
United States Magistrate Judge

Buffalo, New York
January 28, 2019